NEW YORK COUNTY.—HON. D. G. ROLLINS, SURROGATE.—January, 1883.

TIERS V. TIERS.

*In the matter of the probate of the will of* ESTHER L. TIERS, *deceased.*

A Surrogate's court has no jurisdiction, upon proceedings for probate, to

pass upon the validity, construction or effect of a disposition of personal property contained in a will executed without the limits of this State—such a will being excluded from the purview of Code Civ. Pro., § 2624.

Accordingly, the court would not be justified in awarding costs to a party seeking to obtain a construction of such a will, upon an application for the probate thereof.

ON the application for probate of decedent's will, made by Alexander H. Tiers, one of the executors therein named, Alice J. Tiers, one of the next of kin, objected that the instrument suspended the power of alienation for more than two lives in being at the time of its execution, and asked for a construction thereof. Decedent was a resident of the city of New York, and the will was executed in the State of Pennsylvania.

R. D. HARRIS, *for proponent.*

R. J. MORRISON *and* EDWARD GEBHARD, *for next of kin.*

THE SURROGATE.—The limitations of the Surrogate's jurisdiction, under § 2624 of the Code, to determine, upon rendering a decree admitting a will to probate, its "validity, construction or effect," are not open to misconstruction.

The court's authority in the premises is strictly confined to wills "executed within the State" and by "a resident of the State." I am not, therefore, justified in allowing costs to the party who sought to obtain a construction of this decedent's will, in view of the fact that the instrument was admittedly executed outside the limits of the State of New York.